UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REVERIE AT MARCATO OWNERS ASSOCIATION,

        Plaintiff,

v.

VISION ONE, LLC, et al.,

        Defendants.

CASE NO. C12-6035 BHS

ORDER DENYING MOTION TO DISMISS

This matter comes before the Court on Defendant Uponor, Inc.'s ("Uponor") motion to dismiss (Dkt. 59). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGOUND

On July 26, 2012, Plaintiff Reverie at Marcato Owners Association ("Reverie") filed a class action complaint in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. A.

1 | On December 6, 2012, Uponor removed the matter to this Court. Dkt. 1.

2 | On July 11, 2013, Reverie filed an Amended Complaint asserting causes of action for (1) violations of Washington Products Liability Act, RCW Chapter 7.72 ("WPLA"), (2) common law negligence, (3) breach of express warranty, (4) breach of implied warranty of merchantability, (5) breach of implied warranty of fitness, (6) violations of Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"), and (7) breach of express and implied warranties under the Washington Condominium Act, RCW Chapter 64.34 ("WCA"). Dkt. 53 ("Comp"). Reverie filed this action on behalf of all owners of homes or building with particular plumbing systems. Reverie alleges that these systems "contain or contained high zinc content yellow brass plumbing system components manufactured by and/or on behalf of" the named defendants. *Id*. ¶ 2. Reverie seeks damages as well as declaratory and injunctive relief. *Id*.

On August 1, 2013, Uponor filed a motion to dismiss. Dkt. 59. On August 26, 2013, Reverie responded. Dkt. 68. On September 6, 2013, Uponor replied. Dkt. 70.

## II. DISCUSSION

### A. Judicial Notice

"The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Uponor requests that the Court take judicial notice of the amended complaint and pretrial scheduling order from a case that has been filed in the United States District Court for the District of Minnesota, *George v. Uponor, Inc.*, Cause No. 12-249

("*George*"), and representative samples of the Uponor Limited Warranty. Dkt. 60. With regard to the former, the Court will take judicial notice of other publically available court documents. With regard to the latter, the accuracy of the documents may not be questioned, but the relevance of "representative samples" is questionable. Whether the products Reverie purchased were covered by these warranties, or ones like them, are questions of fact that must be proved and not determined by judicial notice. Thus, the Court declines to take judicial notice of the sample warranties because they are irrelevant at this point of the proceeding.

**B.     Motion to Dismiss**

Uponor moves to dismiss Reverie's complaint on the bases of jurisdiction, venue, and failure to state a claim. Dkt. 59.

**1.     Standing**

It is well established that "the irreducible constitutional minimum of standing contains three elements": (1) a concrete and particularized injury that is "actual or imminent, not conjectural or hypothetical"; (2) a causal connection between the injury and the defendant's challenged conduct; and (3) a likelihood that a favorable decision will redress that injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citations omitted).

In this case, Uponor argues that Reverie does not have standing. Uponor first contends that Reverie bears the burden of "prov[ing] by evidence the facts that establish its standing." Dkt. 59 at 5. Uponor is correct that Reverie bears the burden of establishing standing, but the burden of proof may be satisfied by alleging "facts essential

to show jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). With regard to the merits of Uponor's motion, Uponor argues that Reverie failed to allege facts "that it even owns an [Uponor] brand product" (Dkt. 59 at 6) or that "the Uponor fittings were installed in the subject structures (Dkt. 70 at 4). The amended complaint, however, alleges that

> Uponor designed, developed, tested, inspected, manufactured, assembled, produced, made, fabricated, constructed, remanufactured, packaged, stored, labeled, marketed, distributed, supplied, and/or sold defective Plumbing Components described herein.
> ***
> The putative class members have all been injured in the same way because they own homes or buildings that contain or contained the defective Plumbing Components that dezincify when exposed to water.

Comp. ¶¶ 7, 28. A plain reading of the amended complaint shows Uponor's position is without merit. Therefore, the Court denies Uponor's motion on this issue.

**2. Duplicative Litigation**

Uponor argues that this action should be dismissed or consolidated with the *George* case in Minnesota. Dkt. 70 at 4–5. This argument is based on the proposition that the *George* matter is a national class action encompassing the claims asserted in this case. *Id*. As of the time of this order, the *George* case has not been certified as a national class action and the claims of Washington plaintiffs are not duplicative of the *George* plaintiffs. Therefore, the Court denies Uponor's motion on this issue. With regard to consolidation, Uponor may file an appropriate motion to transfer if circumstances warrant such a transfer to Minnesota.

### 3. Improper Venue

Uponor argues that, pursuant to its warranty, all class actions shall be brought in Minnesota. Dkt. 59 at 8–9. Uponor, however, has failed to submit an actual warranty that was delivered with an alleged defective product in this case. Therefore, the Court denies Uponor's motion on this issue.

### 4. Failure to State a Claim

Uponor advances numerous arguments that Reverie has failed to state a claim. To the extent that the arguments are based on Uponor's sample warranties, the Court denies the motion. With regard to Reverie's claims (1) that the products were not fit for their particular use, (2) negligence, (3) and strict liability, the Court finds that Reveries has stated sufficient allegations to support these claims. With regard to Reverie's request for declaratory and/or injunctive relief, Reverie has adequately pled this relief in the alternative to damages. Finally, Reverie has sufficiently pled a CPA claim alleging that Uponor deceptively marketed its products. Therefore, the Court denies Uponor's motion on these issues.

### 5. Strike Class Claim

Uponor moves to strike Reverie's class claims because the class is not ascertainable and class treatment is not superior. Dkt. 59 at 21. Both of these arguments are meritless. First, whether the class is ascertainable will be determined when the Court is asked to certify the class, not on the basis of the allegations in the complaint. Second, Uponor's argument is based on a national class in *George*, which has not happened. Therefore, the Court denies the motion on this issue.

# III. ORDER

Therefore, it is hereby **ORDERED** that Uponor's motion to dismiss (Dkt. 59) is **DENIED**.

Dated this 1st day of September, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge