UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REVERIE AT MARCATO OWNERS ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VISION ONE LLC, et al.,<br><br>　　　　Defendants. | CASE NO. C12-6035 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND |

　　This matter comes before the Court on Uponor, Inc.'s ("Uponor") motion to dismiss (Dkt. 94) and Plaintiff Reverie at Marcato Owners' Association's ("Reverie") motion to amend (Dkt. 98).

　　On July 26, 2012, Reverie filed a class action complaint against numerous defendants, including Uponor, Wirsbo Company, and Uponor Wirsbo, Inc. Dkt. 1, Exh. 1. On December 6, 2012, Uponor removed the matter to this Court. Dkt. 1.

　　On December 16, 2013, Uponor filed a motion to dismiss Wirsbo Company and Uponor Wirsbo, Inc. arguing that these companies are merely predecessor names for

ORDER - 1

1  Uponor.  Dkt. 94, ¶ 4.  On January 6, 2014, Reverie responded and filed a motion to

2  amend its complaint.  Dkts. 97 & 98.  On January 10, 2014, Uponor replied.  Dkt. 100.

3        In the event a court finds that dismissal is warranted, the court should grant the

4  plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v.*

5  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

6        In this case, the Court grants both motions.  Uponor has shown that there is no

7  need to maintain former business names as separate defendants.  Reverie has shown that

8  leave to amend is warranted to name the proper defendant.  Therefore, the Court

9  **GRANTS** Uponor's motion to dismiss and Reverie's motion to amend.  Reverie shall file

10 the amended complaint as a separate docket entry on the electronic docket.

11       Finally, the Court declines to enter an order of judgment that Uponor is liable for

12 the actions of the dismissed defendants.  The request is procedurally improper because it

13 was included in a response brief, and the request is substantively improper because

14 Reverie has failed to meet its burden of proof on this issue.

15      **IT IS SO ORDERED**.

16      Dated this 23rd day of January, 2014.

17

18

19                                         BENJAMIN H. SETTLE
                                        United States District Judge

20

21

22